
**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CASSELLS,<br><br>      Petitioner,<br><br>   v.<br><br>AUDREY KING, Executive Director,<br><br>      Respondent. | Case No. 1:14-cv-00891-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 14), DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>OBJECTIONS DEADLINE: <u>THIRTY (30) DAYS</u> |

    Petitioner is a civil detainee who is detained within this district pursuant to the order of a state court that is presiding over proceedings to extend Petitioner's commitment as a sexually violent predator (SVP) pursuant to California's Sexually Violent Predators Act (SVPA). Petitioner proceeds pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The matter has been referred to the Magistrate Judge

---

[1] As a pretrial detainee, Petitioner is not a "person in custody pursuant to the judgment of a State court" within the meaning of § 2254(a); however, habeas corpus jurisdiction arises pursuant to 28 U.S.C. § 2241(c)(3), for prisoners whose custody is "in violation of the Constitution or laws or treaties of the United

1

1  pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.
2  Pending before the Court is the Respondent's motion to dismiss the
3  petition because abstention from the exercise of jurisdiction is
4  appropriate.  On August 21, 2014, Respondent filed the motion to
5  dismiss the petition filed by Petitioner on or about April 28, 2014,
6  and transferred to this Court on June 11, 2014.  The time for filing
7  opposition to the motion has passed and no opposition has been
8  filed.

## I. Background

Petitioner is an inmate of the Coalinga State Hospital awaiting trial in SVPA proceedings pursuant to a petition filed in the Superior Court of the State of California, County of Sacramento (SCSC) in 2010.  The docket of the SVPA proceeding shows that a pretrial readiness conference and further proceedings were continued in January and April 2014.

Petitioner's history includes a conviction sustained in January 2006 in the SCSC of two counts of oral copulation with a person under eighteen years of age in violation of Cal. Pen. Code § 288a(b)(1) and one count of failing to register as a sex offender in violation of former Cal. Pen. Code § 290(g)(2), which resulted in a state prison sentence of six years and eight months.  (Mot., doc. 14, exh. A at 2-3.)

Petitioner challenges the constitutionality of the SVPA, alleging it 1) violates due process because it is not the least restrictive means of protecting the public safety and treating and protecting SVP's; 2) deprives him of his right to equal protection

---

States...."  28 U.S.C. § 2241(c)(3); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

2

of the law; and 3) denies his right to procedural due process because the scheme for evaluating the need for commitment is arbitrary and capricious. Petitioner seeks a stay of the SVPA proceedings. (Pet., doc. 1, 11-17.)

II. <u>Abstention</u>

In the motion, Respondent argues that the Court should abstain from exercising jurisdiction and dismiss this action because of the pendency of the SVPA proceedings in state court.

Generally the writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist such that there is an absence of state processes effective to protect a federal right. <u>See,</u> <u>Ex parte Royall</u>, 117 U.S. 241, 245-254 (1886); <u>Fay v. Noia</u>, 372 U.S. 391, 420 (1963), <u>overruled</u> <u>in</u> <u>part</u> <u>by</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977) and <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). Federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state court remedies with respect to the claim raised. <u>See,</u> <u>Mannes v. Gillespie</u>, 967 F.2d 1310, 1311-1312 (9th Cir. 1992).

Further, a federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent extraordinary circumstances. <u>Younger v. Harris</u>, 401 U.S. 37, 40-41, 43-45 (1971); <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir. 1972). Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the petitioner an adequate opportunity to raise constitutional claims. <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n.</u>, 457 U.S. 423, 432 (1982). For abstention to be appropriate, the federal court action must enjoin the state proceeding or have the practical effect of

doing so by interfering in a way that Younger disapproves. Gilbertson v. Albright, 381 F.3d 965, 977-78 (9th Cir. 2004) (en banc). This principle of abstention has been applied to collateral attacks on criminal convictions; federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of a state criminal charge prior to a judgment of conviction by a state court, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973), or even during the time a case is on appeal in the state courts, New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989). This principle has also been applied to pending state civil proceedings where important state interests are at stake. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. at 432; Moore v. Sims, 442 U.S. 415, 423 (1979) (pending child custody proceeding); Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975) (pending nuisance action).

There is no comprehensive definition of situations that would warrant an exception to Younger abstention principles, but interference in ongoing state proceedings would be appropriate only if it is shown that the state has engaged in bad faith or harassment, or other unusual or special circumstances warranting equitable relief, such as flagrant and patent violations of express constitutional provisions, or a demonstration of irreparable injury. Younger, 401 U.S. at 53-54; Perez v. Ledesma, 401 U.S. 82, 85 (1971); Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).

Here, Petitioner does not dispute that at the time the petition was filed, state SVPA proceedings were ongoing. For purposes of Younger abstention, the critical determination is whether state proceedings were underway at the time the federal action was filed,

4

and state proceedings are deemed ongoing for purposes of Younger abstention until state appellate review is completed. Steffel v. Thompson, 415 U.S. 452, 462 (1974); Gilbertson v. Albright, 381 F.3d at 969 n.4.  Here, it is undisputed that Petitioner's SVPA trial has not yet occurred, and Petitioner has not presented his constitutional claims to the California Supreme Court.  (Doc. 14, 4.)

SVPA proceedings also involve important state interests.  The importance of a state's interest may be shown by a close relationship between noncriminal proceedings to proceedings that are criminal in nature.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. at 432.  The SVPA proceedings are closely related to proceedings that are criminal in nature and involve state interests of protection of the public and mental health treatment, which under California law are considered to be compelling, Hubbart v. Superior Court, 19 Cal.4th 1138, 1153 n.20 (1999), and are the types of interests categorized as legitimate and important under federal authority, Dept. of Revenue of Ky. v. Davis, 553 U.S. 328, 340 (2008) (health, safety and welfare of citizens); Hill v. Colorado, 530 U.S. 703, 715 (2000) (traditional police power of the state to protect the health and safety of citizens). Specifically, the Younger abstention principles apply to SVPA proceedings. See, Smith v. Plummer, 458 Fed. Appx. 642, 643 (No. 10-16286, 9th Cir. Nov. 15, 2011) (unpublished); Miller v. Cate, 2011 WL 4457666, *4 (No. 1:11-cv-01111-LJO-GBC(PC), E.D.Cal. Sept. 23, 2011 (unpublished) (collecting cases); Cruz v. Ahlin, 2011 WL 5290092, *3 (No. EDCV 11-658-JST(AJW), C.D.Cal. Aug. 24, 2011) (unpublished) (collecting cases).

Finally, ongoing state SVPA proceeding affords the petitioner an adequate opportunity to raise his constitutional claims. Petitioner's federal claims address the legality of the SVPA proceedings and thus would not appear to be categorically excluded from matters that could be addressed in the pending SVPA proceedings. Cf., People v. Taylor, 174 Cal.App.4th 920 (2009) (on appeal from SVPA proceedings, offenders could raise constitutional claims relating to due process, equal protection, double jeopardy, and ex post facto principles); People v. Hubbart, 88 Cal.App.4th 1202 (2001) (on appeal in SVPA proceeding, prisoner could raise equal protection, due process, and double jeopardy concerns and claims relating to the underlying authority of the People to proceed with SVPA proceedings). Although Petitioner's claims may not have been successful at this point in the state proceedings, that does not render the forum inadequate. Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003). The trial and appellate proceedings in state court may also result in reversal and thus moot any federal question. See, Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983). Thus, the ongoing state SVPA proceeding affords Petitioner an adequate opportunity to raise his constitutional claims.

In summary, Younger abstention appears to be appropriate because all three requirements for application of the doctrine have been met. It also does not appear that are any special circumstances that may warrant an exception to abstention. Accordingly, the Court concludes it is appropriate to abstain from the exercise of jurisdiction in this case.

///

III. Remedy

Ordinarily, in an action seeking injunctive or declaratory relief or other relief that would have the same practical effect as a declaration or injunction on pending state proceedings, a district court must dismiss the federal proceedings when the district court determines that Younger abstention applies. Gilbertson v. Albright, 381 F.3d 968. Thus, it will be recommended that the petition be dismissed.

IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional

7

right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V. Recommendations

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED;

2) The petition for writ of habeas corpus be DISMISSED without prejudice;

3) The Court DECLINE to issue a certificate of appealability; and

4) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court

and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 10, 2014**                              **/s/ Sheila K. Oberto**
                                                           UNITED STATES MAGISTRATE JUDGE